**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | : | **CASE NO.   1:11-cr-00012** |
| Plaintiff, | : | **JUDGE SARA LIOI** |
| v. | : | |
| **STETSON WHITE,** | : | **MAGISTRATE JUDGE** |
| | : | **NANCY A. VECCHIARELLI** |
| Defendant. | : | **REPORT & RECOMMENDATION** |

    Pursuant to General Order 99-49, this matter has been referred to United States Magistrate Judge Nancy A. Vecchiarelli for purposes of receiving, on consent of the parties, the defendant's offer of a plea of guilty, conducting the colloquy prescribed by Fed. R. Crim. P. 11, causing a verbatim record of the proceedings to be prepared, referring the matter, if appropriate, for presentence investigation, and submitting a Magistrate Judge's Report and Recommendation stating whether the plea should be accepted and a finding of guilty entered.  The following, along with the transcript or other record of the proceedings submitted herewith, constitutes the Magistrate Judge's Report and Recommendation concerning the plea of guilty proffered by the defendant.

    1.    On May 17, 2011, the defendant, accompanied by counsel, proffered a plea of guilty to conspiracy to distribute heroin set forth in count 1 of the indictment based upon the drug quantities set forth in the plea agreement,

that is, at least 20 grams but less than 40 grams of heroin.  The Government agrees to move the Court to dismiss counts 39, 40, 45, and 110 of the indictment at the time of sentencing.

2. Prior to such proffer, the defendant was examined as to his competency, advised of the charge and consequences of conviction, informed that the Federal Sentencing Guidelines are advisory and the Court must consider them but the Court may impose any reasonable sentence authorized by law, notified of his rights, advised that he was waiving all his rights except the right to counsel and otherwise was provided with the information prescribed in Fed. R. Crim. P. 11.

3. The parties and counsel informed the court about the plea agreement between the parties; the undersigned was advised that, aside from such agreement as described or submitted to the court, no other commitments or promises have been made by any party, and no other agreements, written or unwritten, have been made between the parties.

4. The undersigned questioned the defendant under oath about the knowing, intelligent, and voluntary nature of the plea of guilty, and finds that the defendant was competent to enter a plea and the plea was offered knowingly, intelligently, and voluntarily.

5. The parties provided the undersigned with sufficient information about the charged offense(s) and the defendant's conduct to establish a factual basis for the plea.

In light of the foregoing and the record submitted herewith, the undersigned finds

that the defendant's plea was knowing, intelligent, and voluntary, and all requirements imposed by the United States Constitution and Fed. R. Crim. P. 11 have been satisfied. Therefore, the undersigned recommends that the plea of guilty be accepted and a finding of guilty be entered by the Court.

s/ *Nancy A. Vecchiarelli*
NANCY A. VECCHIARELLI
UNITED STATES MAGISTRATE JUDGE

DATE:  May 18, 2011

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).